UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA KASLE, individually and as legal
guardian of JAKE KASLE,

            Plaintiffs,            Case Number 18-11888
v.                                            Honorable David M. Lawson

BCBSM FOUNDATION, d/b/a BLUE CROSS
BLUE SHIELD OF MICHIGAN
FOUNDATION, a/k/a BLUE CROSS BLUE
SHIELD OF MICHIGAN,

            Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

Plaintiffs Lisa Kasle and Jake Slavik filed an amended complaint alleging that defendant Blue Cross Blue Shield of Michigan improperly refused to pay benefits under a health insurance plan that it issued to cover substance abuse and mental health treatment for Slavik. Presently before the Court is a motion by the defendant to dismiss the plaintiffs' state law claims. They argue that those claims are preempted by the Employee Retirement and Income Security Act of 1974 (ERISA). The plaintiffs have not offered a defense to the arguments, probably because one does not exist. The Court will grant the motion.

I.

Kasle is Slavik's legal guardian, and she is covered by a medical insurance plan issued by Blue Cross through her employer, Kasle Family, LLC. Slavik was admitted to an inpatient mental health treatment facility in 2013. Blue Cross paid out benefits to cover his treatment until September 1, 2015 but has refused to pay benefits thereafter. Kasle appealed the denial of benefits and was informed that the claims were denied because the plan did not cover out-of-network

inpatient psychiatric services, and Kasle had not secured pre-approval before Slavik was admitted. Kasle alleges that the denial was improper under the terms of the plan.

The amended complaint pleads claims for (1) denial of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B) (Count I); (2) "federal common law equitable estoppel," (Count II); (3) breach of contract (Count III); and (4) a demand for payment of penalty interest under Michigan's Unfair Trade Practices Act, Mich. Comp. Laws § 500.2006. The defendant answered the amended complaint and denied liability asserting, among other things, that Kasle Family, LLC is the administrator of the plan, not the defendant. It also filed the present motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the state law claims on the ground that they are preempted by ERISA.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). When reviewing the motion, the Court "must 'construe the complaint in the light most favorable to the plaintiff[] [and] accept all well-pleaded factual allegations as true.'" *Id.* at 951 (quoting *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017)).

The defendant argues that it is well settled that state law claims for breach of contract and other causes of action are preempted by ERISA. The plaintiffs respond that they do not intend to contest preemption, if the defendant concedes that it is the plan administrator. They represented

in their September 21, 2018 response to the motion that they intended within 10 days to tender for the defendant's perusal a second amended complaint dropping the state law claims and adding a claim for breach of fiduciary duty under ERISA. However, no such pleading has been forthcoming, and the plaintiffs have not filed any motion for leave to amend. The plaintiffs offer no developed argument in opposition to the motion and apparently concede that their state law claims are preempted.

"ERISA creates a 'uniform regulatory regime over employee benefit plans.'" *Milby v. MCMC LLC*, 844 F.3d 605, 609 (6th Cir. 2016) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)). "Congress intended that this federal regime protect beneficiaries of employee benefit plans while providing employers with uniform national standards for plan administration." *Ibid.* "ERISA's regime includes an integrated system of procedures for enforcement, and section 1132(a) of ERISA completely preempts any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy because such actions conflict with the clear congressional intent to make the ERISA remedy exclusive." *Ibid.* (quotations and alterations omitted). However, "claims that stem from a duty that is not derived from, or conditioned upon, the terms of an ERISA plan are not completely preempted." *Ibid.*

"A claim falls in the category of complete preemption under § 1132(a) when a claim satisfies both prongs of the following test: '(1) the plaintiff complains about the denial of benefits to which he is entitled only because of the terms of an ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms.'" *Id.* at 610 (quoting *Gardner v. Heartland Industrial Partners, LP*, 715 F.3d 609, 613 (6th Cir. 2013)). Under the first prong, a "claim 'likely falls within the scope of § 1132 when the only action complained of is a refusal to provide benefits under an ERISA plan

and the only relationship between the plaintiff and defendant is based on the plan.'" *Ibid.* (quoting *Davila*, 542 U.S. at 211). And a "state-law tort is independent of ERISA when the duty conferred was 'not derived from, or conditioned upon, the terms of' the plan and there is no 'need[] to interpret the plan to determine whether that duty exists.'" *Id.* at 611 (quoting *Gardner*, 715 F.3d at 614)).

The breach of contract and penalty interest claims in this case both are preempted by ERISA and must be dismissed. It is well settled that "ERISA specifically provides for remedies for breaches of contract and fiduciary duties. Consequently, any state law claim that grants relief for these breaches duplicates, supplements, or supplants the ERISA civil remedies," and is completely preempted. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 589 (6th Cir. 2016) (quotations and alterations omitted).

The case law considering the penalty interest claim is thin, but those courts in this district that have confronted the issue readily have concluded that Michigan's Uniform Trade Practices Act is not an act that "regulates insurance," and, accordingly, claims for penalty interest under Michigan Compiled Laws § 500.2006 completely are preempted. *E.g.*, *Biondo v. Life Insurance Co. of North America*, 116 F. Supp. 2d 872, 883 (E.D. Mich. 2000). The plaintiffs have offered no authority to the contrary, and they appear to concede the question of preemption on both of the challenged claims.

III.

The defendant's motion and response fully set forth the arguments, and oral argument will not assist in the disposition of the motion. The plaintiffs' state law claims are based on the rights and obligations created by under a health insurance plan that is governed by ERISA. ERISA's preemption provision requires that the plaintiffs' state-law-based claims be dismissed.

Accordingly, it is **ORDERED** that the Court will decide the motion for partial dismissal on the papers, *see* E.D. Mich. LR **7**.1(f)(2), and the hearing scheduled for January 3, 2019 is **CANCELLED**.

It is further **ORDERED** that the defendant's motion for partial dismissal (ECF No. 16) is **GRANTED**. Counts III and IV of the amended complaint are **DISMISSED**.

                                                                 s/David M. Lawson_____
                                                                 DAVID M. LAWSON
                                                                 United States District Judge

Date: January 2, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 2, 2019.

                             s/Susan K. Pinkowski
                             SUSAN K. PINKOWSKI